**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Ray Procopio,<br><br>        Defendant,<br><br>v.<br><br>State of Arizona,<br><br>        Plaintiff. | No. CR-19-01412-1-PHX-DWL<br><br>**ORDER** |

    Defendant Johnny Ray Procopio ("Procopio") has attempted to remove his city criminal case to this Court. (Doc. 1.) The Court will remand back to city court.

    Generally, "a federal court should abstain from interfering with ongoing city criminal proceedings[.]" *Gedo v. Idaho*, 2009 WL 2848850, *1 (D. Idaho 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). A city prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442, 1442a, and 1443. And under 28 U.S.C. § 1455(b)(4), the Court must "promptly" examine the defendant's removal papers and "[i]f it clearly appears . . . that removal should not be permitted, the court shall make an order for summary remand."

    Here, Procopio isn't a federal officer or a member of the United States armed forces, so 28 U.S.C. §§ 1442 and 1442a don't apply.

    28 U.S.C. § 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." "This generally requires a state law or constitutional

provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. County Super. Ct.*, 2009 WL 975428, *1 (N.D. Cal. 2009) (citation omitted). Here, Procopio hasn't attempted to identify any state law or constitutional provision that denies him the opportunity to raise a federal right in city court, nor has he shown that he will be unable to enforce a federal right in city court. *See also Johnson v. Washington*, 2007 WL 2377141, *1 (W.D. Wash. 2007) (section 1443(1) "is strictly construed because it is considered an encroachment on state court jurisdiction").

Finally, 28 U.S.C. § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The Supreme Court has construed this provision as conferring "'a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Gedo*, 2009 WL 2848850, *1 (citation omitted). This case does not fall within that category.

Accordingly, **IT IS ORDERED** that all pending motions are denied and the Clerk shall remand this case to Phoenix City Court.

Dated this 18th day of December, 2019.

_____
Dominic W. Lanza
United States District Judge

Cc: Defendant Johnny Ray Procopio

Phoenix City Prosecutor's Office
300 W. Washington Street
Phoenix, AZ 85003